**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JULIAN LEE LEWALLEN,
          Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
          Agency.

DOCKET NUMBER
DA-0842-18-0399-I-1

DATE: March 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Julian Lee Lewallen</u>, Fort Worth, Texas, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction due to rescission of the reconsideration decision issued by the Office of Personnel Management (OPM). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant filed an appeal challenging OPM's reconsideration decision regarding his creditable service for purposes of a retirement annuity. Initial Appeal File (IAF), Tab 1, Tab 5 at 10-11. Specifically, he disputed OPM's exclusion of his service in a temporary appointment from his total service computation. IAF, Tab 5 at 10-11. While this appeal was pending before the administrative judge, OPM indicated that it was rescinding its June 13, 2018 reconsideration decision and remanding the appellant's case to the Post Adjudication and/or Post-56 Military Service Credit Branch for further development. IAF, Tab 10 at 4. On August 6, 2018, the administrative judge issued an initial decision dismissing this appeal for lack of jurisdiction based on OPM's assertion that it was rescinding the reconsideration decision. IAF, Tab 12, Initial Decision (ID) at 2. The appellant filed a petition for review on September 10, 2018, alleging that OPM failed to timely notify him of his new annuity benefits or issue a new reconsideration decision, as applicable.

Petition for Review (PFR) File, Tab 2 at 4.[2]  OPM has responded to the petition, and the appellant has replied.  PFR File, Tabs 4 and 5.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Generally, the Board has jurisdiction over retirement issues only after OPM issues a final or reconsideration decision.  *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd per curiam*, 40 F.3d 1250 (Fed. Cir. 1994) (Table).  The Board has held that, if OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed.  *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013).  The Board may assert jurisdiction over a retirement appeal in the absence of a reconsideration decision if OPM has refused or improperly failed to issue a final decision.  *McNeese*, 61 M.S.P.R. at 74.

Here, OPM indicated that it would rescind the reconsideration decision, send the appellant's case to the appropriate department for further development, and, if applicable, issue a new final decision with appeal rights.  IAF, Tab 10 at 4.  The appellant filed his petition for review only a month after the initial decision was issued.  *Compare* PFR File, Tab 2, *with* ID.  Thus, there is no excessive delay by OPM that would indicate a refusal or failure to issue a final decision.  *Cf. Easter v. Office of Personnel Management*, 102 M.S.P.R. 568, ¶ 8 (2006) (finding that an 18-month delay by OPM in addressing the appellant's application indicated a declination to adjudicate the application).  This month-long delay is

_____

[2] Along with his petition for review, the appellant also submits documents that are part of the record below.  *Compare* PFR File, Tab 2 at 6-11, *with* IAF, Tab 1 at 4-9.  The documents submitted by the appellant do not constitute new and material evidence that was not previously available despite due diligence and therefore the Board need not consider them.  5 C.F.R. § 1201.115(d); *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that evidence that is already a part of the record is not new).

not the type of excessive delay that would lead the Board to conclude that OPM has improperly failed or refused to issue a decision. *See Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 15 (2014) (finding that OPM's failure to issue a final decision for 6 years constituted an appealable administrative action because the appellant diligently sought a final decision during that time period). However, as noted by the administrative judge, after OPM does issue a new reconsideration decision, the appellant may file a new appeal with the appropriate regional office if he disagrees with that decision. ID at 2; *see Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 7 (2008).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:　　　　　_____

_Gina K. Grippando_

Gina K. Grippando
Clerk of the Board

Washington, D.C.